IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Terron Gerhard Dizzley, | ) | C/A No. 8:18-cv-01692-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| Lt. Moss, Lt. Lambert, Lt. Thomas, Lt. Yeldel, Officer Henderson, Capt. Terry, Nurse Brewer, Lt. Heflen, Officer Davis, Officer Harris, Sgt. Kelly, Ass. Warden Robertson, Officer Scales, Eddie Calaham, Lt. Wright, Officer McCurry, Major Marshall, Lt. Cook, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.) (the "Report").

**PROCEDURAL BACKGROUND**

Plaintiff Terron Gerhard Dizzley ("Plaintiff"), as a pro se state prisoner, filed this action pursuant to 42 U.S.C. § 1983, alleging various current and former employees of the South Carolina Department of Corrections ("SCDC") violated his constitutional rights by not separating him from his cellmate, by failing to properly intervene during a knife attack in October 2017, by failing to render proper medical treatment, and for using improper force against him in March 2018. Defendants[1] filed a motion for summary judgment on April 2, 2019, Plaintiff filed his response on

---

[1] Defendants Tutt, Trull, and Hall were dismissed by order dated January 3, 2019, ECF No. 73, and Defendants Officer Williams, Lt. Anderson, Lt. Welchman, Nurse James, Officer Jennings, and Officer Yarborough were dismissed by separate order dated February 5, 2019, ECF No. 83.

1

May 31, 2019, and Defendants filed a reply. [ECF Nos. 90, 111, 115.] On September 30, 2019, the Magistrate Judge issued the Report, recommending that this court grant in part and deny in part Defendants' motion. [ECF No. 147.] More specifically, the Report recommends denying Defendants' motion as to Plaintiff's Eighth Amendment claim against Defendant Terry in his individual capacity as it relates to the October 2017 incident. *Id.*

Attached to the Report was the notice of right to file objections. Defendants filed objections on October 14, 2019, and Plaintiff filed objections on November 1, 2019. [ECF Nos. 149, 156.] Defendants replied to Plaintiff's objections November 7, 2019. [ECF No. 159.] Plaintiff filed additional attachments[2] to his objections on November 8, 2019. [ECF No. 161.] The matter is ripe for consideration by this court.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been *specifically* objected to,

---

[2] In the November 8, 2019 filing, Plaintiff asked the court to consider additional documents "to support his objections" (the "supplement"). [ECF No. 161 at ¶ 1.] The court declines to consider the supplement for two reasons. First, as acknowledged by Plaintiff, the supplement is untimely. Plaintiff requested an extension of time to file his objections in October. [ECF No. 151.] At that time, Plaintiff claimed he was in protective custody and his "legal property" was "misplaced." *Id.* The court granted the motion, giving Plaintiff an additional fifteen (15) days to submit his objections. [ECF No. 152.] While Plaintiff timely filed his objections, he did not timely file the supplement. And, despite Plaintiff's contention to the contrary, the court disagrees that the failure to include the materials with his objections is "excusable under the circumstances." [ECF No. 161 at ¶ 5.] If Plaintiff believed the additional documents were pertinent to his objections, he should have referenced them in his first request for an extension of time. Having failed to do so, the court declines to consider them now. Second, and perhaps of utmost importance, the supplement fails to identify how the additional documents relate to the Report. Stated differently, the supplement does not reference those portions of the Report to which Plaintiff *specifically* objects.

and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

## DISCUSSION

The Report sets forth in detail the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation. The objections of each party, however, are addressed in turn below.

**1. Defendant Terry.**

Defendants object to the Report only to the extent it recommends denial of summary judgment on the Eighth Amendment claim against Defendant Terry in relation to the October 2017 incident. The Report concluded that Defendant Terry is not entitled to summary judgment because his

3

affidavit fails to show an absence of a genuine dispute of material fact as to Plaintiff's claim. [ECF No. 147 at p.24.] This court agrees with the Report.

Plaintiff alleges that as he was attacked by his cellmate in October 2017, he screamed, "Open the door he's got a knife." [ECF No. 1-1 at p.3.] The door to his cell did not open, but Plaintiff claims Defendant Terry, along with several other officers arrived "carry[ing] guns[.]" *Id.* According to Plaintiff, Defendant Terry and the others "just stood outside [his] door" and "watched" for six or seven minutes while he continued to "scream[] for help." *Id.* Plaintiff claims he was able to apprehend his cellmate, but not before he was "covered in blood and [there was] blood all over the floor." *Id.* The officers, thereafter, opened the door. *Id.*

Defendant Terry's affidavit contradicts several of Plaintiff's unverified allegations, but not all of them. Defendant Terry states that he responded to a call for first responders in October 2017 and, to his "best recollection," the dorm officer was also there when he arrived. [ECF No. 90-7 at ¶ 2.] He does not "recall if other first responders arrived before or after [him]." *Id.* As he looked into the cell, he "did not observe any weapons," but he did observe the "inmates [] standing and grabbing or wrestling with each other." *Id.* "[A]t no time during or after this incident did [he] see any type of weapon." *Id.* Because he "did not observe any weapon and did not see the inmates strike each other, [he] waited until [he] had sufficient officers to open the cell door." *Id.*

What Defendant Terry's affidavit fails to dispute, however, is of utmost importance here. Specifically, he fails to dispute Plaintiff's contention that he was one of the heavily armed officers arriving on the scene or Plaintiff's contention that several other armed officers were present. He fails to dispute whether he heard Plaintiff continually screaming for help and stating that he was being attacked with a knife. Relatedly, he also does not deny waiting with several other officers for six or seven minutes before opening the cell door. And, finally, he fails to dispute whether he

saw Plaintiff or the cell covered in blood. As noted in the Report, this lack of testimony "leaves open the possibility that the incident occurred much as Plaintiff alleged." [ECF No. 147 at p.25.]

There are two parts to an Eighth Amendment claim for failure to protect. First, the plaintiff "must establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury" or a substantial risk thereof. *Danser v. Stansberry*, 772 F.3d 340, 346–47 (4th Cir. 2014) (internal quotations omitted). Second, the prison official must have a "sufficiently culpable state of mind, " meaning "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). This second part of the test is a subjective inquiry, but it may be proven by inference from circumstantial evidence. *Id.* at 842. In the end, the analysis comes down to "whether the [prison official] knows the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so." *Brown v. N.C. Dep't of Corrs*., 612 F.3d 720, 723 (4th Cir. 2010). As recognized in the Report, Defendant Terry's affidavit leaves open a genuine dispute of material fact regarding whether Defendant Terry knew Plaintiff faced a substantial risk of serious harm. [ECF No. 147 at p.25.] A reasonable juror could conclude that Defendant Terry could have easily assisted Plaintiff by opening the cell door and, by merely standing and watching for six to seven minutes, Defendant Terry acted with deliberate indifference to the serious risk of harm Plaintiff faced. *Id.*

Defendants' objections to the Report do not change this result. While *Walker v. Norris*, 917 F.2d 1449 (6th Cir. 1990) involved, in some respects, more egregious facts[3] than those presented here, the Report's reference to the decision is not erroneous. In *Walker*, there was evidence that the officers became aware of the existence of the knife during the incident. That same evidence does not exist here. However, in light of Plaintiff's contention that he was screaming and stating

---

[3] The inmate in *Walker* died as a result of his stab injuries.

he was being attacked by a knife, Defendant Terry must aver more than, "I did not see a knife." "Without a representation from [Defendant] Terry that he could see Rose's hands or that he had some other basis for knowing that what Plaintiff was screaming was untrue," this court cannot grant summary judgment in his favor.

Finally, the court agrees with the Report that it cannot grant summary judgment in favor of Defendant Terry on the basis of qualified immunity. Two of the cases cited by Defendants involved unarmed officers in situations in which intervention would place them in danger of physical harm. *See Winfield v. Bass*, 106 F.3d 525 (4th Cir. 1997) (finding "an *unarmed* prison official" does not "exhibit[] deliberate indifference to an inmate's reasonable need for safety, or acts unreasonably, by failing to intervene immediately in an attack by one prisoner armed with a dangerous weapon on another" (emphasis added)); *Arnold v. Jones*, 891 F.2d 1370, 1372 (8th Cir. 1989) ("[U]narmed prison officials have no duty *as a matter of law* to physically intervene in a prison fight which may cause them serious injury or worsen the situation[.]"). In this case, Defendant Terry's affidavit does not state that he was unarmed, nor does it affirmatively state that simply opening the door to alleviate the threat to Plaintiff would have placed Defendant Terry in danger of physical harm.

Further, the third case is also markedly different from the present case. There, the plaintiff "admitted the guards were successful in attempting to break up the fight verbally" before calling for additional staff to physically intervene. *MacKay v. Farnsworth*, 48 F.3d 491, 493 (10th Cir. 1995). In contrast, there is no evidence in this case that Defendant Terry ever attempted to verbally break up the altercation during the six or seven minutes he was present on the scene. As a result, the court finds that the cases relied upon by Defendants do not impact the Report's recommendations or this court's conclusions.

The final issue to address is that of qualified immunity. "Under the doctrine of qualified immunity, government officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Orange v. Fielding*, 517 F. Supp. 2d 776, 791 (D.S.C. 2007). Just as the Sixth Circuit recognized in *Walker*, qualified immunity is not available as a defense where the cause of action based on denial of serious needs of prisoners has been recognized before the underlying incident occurred. 917 F.2d at 1453; *see also Orange*, 517 F. Supp. 2d at 792 (denying summary judgment on qualified immunity finding "since Plaintiff's allegations, if true, may amount to a violation of Plaintiff's constitutional rights, and there is a genuine issue of fact as to whether the Defendant Schwartz was aware of a danger posed to the Plaintiff and failed to take any corrective action, this Defendant is not entitled to dismissal on the grounds of qualified immunity"). Following *Walker* and this district's decision in *Orange*, the court overrules Defendants' objections and denies summary judgment on the defense of qualified immunity.

For all of the foregoing reasons, Defendants' motion for summary judgment on the Eighth Amendment claim against Defendant Terry related to the October 2017 incident is denied.

**2. Defendant Moss.**

Plaintiff's only claim against Defendant Moss is for alleged violation of Eighth Amendment rights related to Defendant Moss's failure to remove Plaintiff from his cell and separate him from his then-cellmate, James Rose. Plaintiff alleges[4] that he "called Lt. Moss to the cell door and pleaded with her to remove [him] from the cell and place [him] in another cell because it was not

---

[4] Plaintiff's complaint was not verified and he did not submit an affidavit addressing any purported actions or inactions by Defendant Moss in response to Defendants' motion for summary judgment.

safe for [him] to remain in the room[.]" [ECF No. 1-1 at p.1.]  He claims Defendant Moss refused and asked if he wanted to sign a protective custody form.  *Id.*  Plaintiff responded, "yes if that's what it takes to remove myself from danger and be safe."  *Id.*  According to Plaintiff, Defendant Moss "refused to move [him]."  *Id.*

In support of the motion for summary judgment, Defendant Moss submitted an affidavit, stating she was "working in [] the Restricted Housing Unit" in October 2017 and "was not assigned to Unit F-4."  [ECF No. 90-6 at ¶ 2.]  Defendant Moss stated that she "do[es] not recall Plaintiff making any statements to [her] about being threatened by inmate Rose or any other inmate."  *Id.* at ¶ 3.  She further stated that if Plaintiff told her he felt threatened, she "would have had him write a statement as to why he felt threatened and . . . . offered to place him in protective custody."  *Id.*  She concludes that she was not "aware of any risk of harm to Plaintiff."  *Id.* at ¶ 5.

The Report recommends granting summary judgment in favor of Defendant Moss "[b]ecause Plaintiff [did] not forecast[] any admissible evidence that supports his version of events under which Moss refused his requests for protection."  [ECF No. 147 at p.22.]  Plaintiff objects to this conclusion, arguing that Defendant Moss's affidavit testimony that she "does not recall" is insufficient to meet her burden on summary judgment in light of the allegations in his complaint, that he has forecasted evidence to support his version of events, and that the totality of the circumstances show that material facts exist regarding Defendant Moss's refusal to protect Plaintiff.  The three objections are related and addressed, in turn, below.

The court finds that the Report correctly concluded that Plaintiff failed to come forward with admissible evidence to support his allegations related to Defendant Moss.  As noted in the Report, Plaintiff's complaint was not verified and the affidavits attached did not address the alleged incident with Defendant Moss.  Moreover, Plaintiff failed to attach any affidavits to his opposition

8

to Defendants' motion for summary judgment. As a result, the only admissible evidence submitted to the court on summary judgment is Defendant Moss's affidavit.

Further, the court agrees with the Report's conclusion that Defendant Moss's affidavit meets her burden on summary judgment when compared to the unsworn statements and allegations of Plaintiff in his complaint. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (Once a movant meets the burden of establishing that there is no genuine dispute of material fact, the non-moving party "must, by affidavit or the like, respond to the motion."). More specifically, the court finds that there is not any admissible evidence in the record to create a genuine dispute of material fact that Defendant Moss had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 832. "To succeed on [a] failure to protect claim, a plaintiff must show that the defendants were aware, *prior to the incident*, of the substantial risk of harm posed to the plaintiff." *Harrison v. S.C. Dep't of Corr.*, No. 8:14-cv-1196, 2015 WL 4096148, at * 7 n.5 (D.S.C. June 1, 2015) (emphasis added), *report and recommendation adopted*, 2015 WL 4095882 (D.S.C. July 6, 2015). Given Defendant Moss's affidavit testimony that she was not "aware of any risk of harm to Plaintiff," ECF No. 90-6 at ¶ 5, Plaintiff's unsworn allegations are simply insufficient to create a material fact for trial.[5] As a result, the court overrules Plaintiff's objections and grants summary judgment in favor of Defendant Moss.[6]

---

[5] The court also notes that Plaintiff's arguments appear to be mere recitation of the same arguments raised in the opposition to Defendants' motion for summary judgment. As such, they are not specific objections. In any event, while it is not required to, the court considers the merits of Plaintiff's contentions pursuant to a de novo review.

[6] Plaintiff cites two cases following his objections to the recommended grant of summary judgment in favor of Defendant Moss, *Haines v. Kerner*, 404 U.S. 519 (1972) and *Holloway v. Lockhart*, 792 F.2d 760 (8th Cir. 1986). Both cases address the standard for consideration of a Rule 12(b)(6) motion to dismiss in a pro se case. The motion at issue in this case is governed by Rule 56, FRCP and, as a result, the cases cited by Plaintiff are not relevant to the court's analysis.

### 3. Defendant Brewer.

Plaintiff also objects to the Report's recommendation that this court grant summary judgment in favor of Defendant Brewer. The only claim asserted against Defendant Brewer is one for violation of Plaintiff's Eighth Amendment rights for alleged failure to provide appropriate medical treatment. Defendant Brewer is the nurse who treated Plaintiff after the October 2017 incident. She testified in her affidavit that Plaintiff "had lacerations to the back of his head and right eyebrow and a small cut inside his lip." [ECF No. 90-8 at ¶ 2.] She further testified that she "cleaned the wounds and pulled them together using Dermabond" and "gave Plaintiff a Tetanus shot." *Id.* Because Plaintiff failed to come forward with any admissible evidence to contradict Defendant Brewer's testimony, the Report recommends granting summary judgment in favor of Defendant Brewer.

Plaintiff's objects to this recommendation surrounds his contention that Defendant Brewer's affidavit is false and amounts to a fraud on the court. [*See* ECF No. 156 at ¶ 12 (arguing the recommendation is "not based on the law, but is arbitrarily based solely on Nurse Brewers affidavit which is false" ); *see also* ¶ 13 ("Defendant's[sic] submitted false affidavits from Nurse Brewer"); ¶ 14 ("Based on these facts any reasonable jury would conclude that Nurse Brewer['s] . . . affidavit is false."); ¶ 16 ("Defendants submitted these false affidavits alleging Dr. McCree evaluated Plaintiff."); p.11 arguing ("that the recommendation was based on false affidavits from Nurse Brewer and Dr. McCree which resulted in 'Fraud Upon the Courts'").] The court first overrules the objection because Plaintiff offers no evidence of falsity beyond his blanket allegations. Moreover, even if there was some evidence that the affidavit was false—and, again, there is not— "[p]erjury by a party or a witness is intrinsic fraud." *Chewning v. Ford Motor Co*., 579 S.E.2d 605, 610 (S.C. 2003). "Equitable relief from a judgment is denied in cases of intrinsic fraud[.]"

*Id.* (citing *Bryan v. Bryan*, 66 S.E.2d 609 (S.C. 1951)). And, finally, the Report is only a recommendation to this court. The judgment is not final until this court issues its ruling. Thus, the argument is premature. *See id.* (noting fraud on the court is a basis for collateral attack of a final judgment).

Plaintiff also objects to the Report's failure to make any reference to his "extreme pain" or "emotional distress." [ECF No. 156 at ¶ 23; *see also* ¶ 19 (arguing for difference treatment than received).] The court disagrees and overrules the objection. First, the Report outlined and considered Plaintiff's allegations that he believed he needed staples, a CAT scan, and antibiotics, and that he claimed to suffered from migraines following the incident. [ECF No. 147 at pp.28–29.] The Report correctly noted that a prisoner is not guaranteed his choice of medical care. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988) (citation omitted). Second, the court notes that Plaintiff's objection ignores entirely the second factor required for a plaintiff to prevail on an Eighth Amendment claim for inadequate medical care. A plaintiff must demonstrate: (1) his medical condition was sufficiently serious and (2) subjectively, the prison official acted with a sufficiently culpable state of mind. *Goodman v. Wexford Health Sources, Inc.*, 425 F. App'x 202 (4th Cir. 2011). Here, there is no evidence in the record to support Defendant Brewer having a sufficiently culpable state of mind, *i.e.*, that she was deliberately indifferent. For these reasons, Plaintiff's second objection to the recommendation as to Defendant Brewer is overruled.

Having considered all of Plaintiff's specific objections as to Defendant Brewer, the court finds that summary judgment in favor of Defendant Brewer remains appropriate.

**4. All Other Defendants.**

Plaintiff fails to direct any specific objections to the Report's recommendation that this court grant summary judgment in favor of the other remaining Defendants. As a result, this court need

only review the Report for clear error. Having found none, the court adopts the Report's recommendation as to the remaining Defendants.

## CONCLUSION

Having reviewed the Report, the objections, and the record before this court, and for the reasons set forth above, the court **ADOPTS** the Report [ECF No. 147] in its entirety and incorporates the same herein by reference. Therefore, it is the judgment of this court that Defendants' motion for summary judgment [ECF No. 90] is **GRANTED in part and DENIED in part**. Summary judgment is **DENIED** as to Plaintiff's Eighth Amendment claim against Defendant Terry in his individual capacity arising out of his alleged failure to promptly intervene during the October 2017 incident. Summary judgment is **GRANTED** as to all other remaining Defendants on all other claims.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

June 5, 2020
Florence, South Carolina